UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BUONSONG MENORATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-11461-JGD |
| BANK OF AMERICA, NA., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANTS' MOTION TO DISMISS

There being no opposition, the defendants' Motion to Dismiss the Verified Amended Complaint (Docket No. 9) is ALLOWED. The complaint purports to state a claim for breach of the implied covenant of good faith and fair dealing arising out of the defendants' review of the plaintiff's mortgage under the Home Affordable Modification Program ("HAMP") and the defendants' related Service Participation Agreements ("SPA") with the Federal Government. As detailed in the defendants' memorandum in support of their motion to dismiss (Docket No. 10), courts addressing the issue have found that there is no private right of action against lenders under HAMP. Moreover, the courts have routinely held that borrowers are not third-party beneficiaries of the SPA. The plaintiff has not identified any contrary authority or legal theory. Since the plaintiff is not a party to an enforceable contract, she cannot maintain a claim of breach of the covenant of good faith and fair dealing implied in that contract. See Mass. Eye & Ear

Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005).  The motion to dismiss for failure to state a claim is allowed and the complaint is dismissed without prejudice.

                                              / s / Judith Gail Dein
                                              Judith Gail Dein
                                              U.S. Magistrate Judge

DATED:  November 1, 2010